# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK J. LINDSEY, )
)
      Plaintiff, pro se, )
) **MEMORANDUM OPINION**
v. ) **AND RECOMMENDATION**
) 1:08CV3
SERGEANT RANSOM, et al., )
)
      Defendants. )

This matter is before the court on a motion for summary judgment by Defendants (docket no. 34). Plaintiff has responded in opposition to the motion. In this posture, the matter is ripe for disposition. Because the parties have not consented to the jurisdiction of a magistrate judge, I must deal with the motion by way of a recommended ruling. For the reasons which follow, it will be recommended that Defendants' motion be granted.

**BACKGROUND**

This is an action brought by a state court prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges a claim under the Eighth Amendment of the United States Constitution for damages arising from the use of excessive force. Defendants Chandra Ransom, Edward L. Thiery, and Corey White have moved for summary judgment.

At all times relevant, Plaintiff was an inmate in the custody of the North Carolina Department of Correction ("DOC") confined at Scotland Correctional

Institution. In Plaintiff's amended complaint, Plaintiff alleges that on October 12, 2007, at 8:07 p.m. that he was knocking "very loudly" on his cell door with his deodorant can. As a Ramadan observant, Plaintiff had not been fed all day. Defendant Ransom came to Plaintiff's cell door and told him he would not receive a food tray because he had been fed earlier in the day. Ransom walked away and Plaintiff again began knocking loudly on his cell door with his deodorant can.

Plaintiff alleges that Defendant Ransom returned sometime later with Defendant Thiery, Defendant White, and others. Even though Plaintiff had stopped knocking on his door, Plaintiff's cell door was opened, and he was rushed by a group of correctional officers. The first of these officers carried a shield, and Plaintiff was knocked onto his bed. Defendant Thiery then hit Plaintiff's back with a baton and Defendant Ransom kicked him in the side. Defendant White, Defendant Thiery, and others picked Plaintiff up off the floor, threw him onto his bed, and punched him in his stomach and ribs. At 8:15 p.m. Plaintiff was placed in four-point restraints and was released four hours later. The foregoing will be referred to herein as "the incident."

At 11:25 p.m. the same night, a DOC nurse examined Plaintiff while he was still in four-point restraints. (Hendricks Aff. ¶ 12.) The nurse found the cuffs loose enough such that she could slide a finger freely under the upper cuffs. (*Id.*) The nurse found Plaintiff showed no signs or symptoms of acute distress. (*Id.*)

Following the incident, Plaintiff was seen on October 13, 15, and 19 and again on November 6 by DOC doctors, physician assistants, and nurses in response to his complaints of back pain and fainting spells. (*Id.* ¶¶ 13-15, 17-19, 21, 22.) They concluded Plaintiff's fainting spells pre-dated the incident (*Id.* ¶¶ 19, 21), were of unknown origin, and were unrelated to the incident. (*Id.* ¶¶ 19-21.) Plaintiff was diagnosed as suffering from minor scrapes, lacerations, contusions, and soreness subsequent to the incident. (*Id.* ¶¶ 13, 14, 19, 21, 24.) Plaintiff did not exhibit the acute distress associated with back pain, and during treatment Plaintiff joked with correction staff and flirted with nurses. (*Id.* ¶¶ 12, 13, 14, 21.) Plaintiff was treated with over-the-counter pain relievers, ibuprofen and acetaminophen, and heat applications. (*Id.* ¶¶ 13, 14, 17.)

Based on a review of Plaintiff's medical chart and her own treatment of Plaintiff, Physician Assistant Hendricks opined to a reasonable degree of medical certainty that:

> Plaintiff suffered minor scrapes, lacerations, contusions and soreness subsequent to the incident. His fainting spells are not related to the incident, particularly as Plaintiff twice stated (and his chart documents) he had suffered them in the months prior to the incident. Moreover, fainting spells are an immediate response to a trigger, such that the lapse of time alone between the incident and the fainting spells eliminates any possible connection. The soreness and discomfort Plaintiff reported post-incident, I would liken to that experienced after a hard day's yard work. Outside the prison setting, the complaints presented by Plaintiff would not require medical attention and would be treated at home with over-the-counter remedies, a heating pad and rest.

(*Id.* ¶ 24.)

As a result of the incident, Plaintiff seeks $10,000 for pain, suffering, and discrimination; and either to be moved to a safer prison or to have Defendants relieved of their jobs.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all

justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

**ANALYSIS**

As noted, in this section 1983 action, Plaintiff brings a claim for excessive force. Defendants claim that Plaintiff's injuries are *de minimis* and thus do not meet the threshold requirements of the Eighth Amendment for cruel and unusual punishment.[1] As such, Defendants contend that they should prevail on summary judgment as a matter of law.

The Supreme Court has determined that the use of excessive physical force "may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). In order to determine whether a prison official has used "excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7. Furthermore "*de minimis* uses of physical force" are necessarily excluded from the Eighth Amendment's

---

[1] Defendants also address the Prison Litigation Reform Act ("PLRA") section 1997e(e) and its relationship to the ability of Plaintiff to sustain his claim. It is clear to me that in the Fourth Circuit, mere *de minimis* injury would not allow Plaintiff to claim damages for mental or emotional injury. *See Perkins v. Dewberry*, No. 05-6303, 139 Fed. Appx. 599, 2005 WL 1793484, at *1 (4th Cir. July 28, 2005). In any event, Plaintiff is not making a claim for mental or emotional damages, and, as such, this defense need not be addressed.

prohibition of cruel and unusual punishment, unless the use of force is "of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

The Supreme Court did not condition cruel and unusual punishment solely on the extent of the injury. In *Hudson*, the plaintiff did not suffer injuries that required medical attention and still the Supreme Court found that the injuries were not *de minimis* for Eighth Amendment purposes. *Id.* at 5, 10. Under *Hudson*, to "prove a claim that prison officials violated [a prisoner's] constitutional rights through the excessive use of force, an inmate must satisfy two requirement[s:]" a subjective one and an objective one. *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998). For a prisoner to satisfy the subjective requirement, he must first show that "the force used by the corrections officers 'inflicted unnecessary and wanton pain and suffering.'" *Id.* (quoting *Hudson*, 503 U.S. at 6).

> [T]his question ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. When evaluating evidence to determine whether it is legally sufficient to satisfy the subjective component, a court may allow an inmate's claim to go to the jury only if it concludes that the evidence, viewed in a light most favorable to the claimant, will support a reliable inference of wantonness in the infliction of pain.

*Stanley*, 134 F.3d at 634 (internal citations and quotations omitted).

To satisfy the objective requirement, a prisoner must show "that correctional officers' actions, taken contextually, were 'objectively harmful enough' to offend

-6-

Case 1:08-cv-00003-JAB-WWD   Document 41   Filed 12/05/08   Page 6 of 8

'contemporary standards of decency.'" *Id.* (quoting *Hudson*, 503 U.S. at 8). This requires balancing "the force applied and the seriousness of the resulting injury against the need for the use of force and the context in which that need arose." *Id.*

In light of *Hudson*, this circuit stated in *Norman v. Taylor* stated that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." 25 F.3d 1259, 1263 (4th Cir. 1994). Although the *Norman* Court recognized that *Hudson* "categorically rejected an injury threshold," *id.* at 1263 n.3, the Fourth Circuit in *Norman* also observed that "*Hudson* does not suggest . . . that the extent of injury is irrelevant to whether excessive force has been employed and therefore that an excessive force claim cannot be defeated by evidence that the plaintiff's injury was *de minimis*." *Id.* at 1262-63. After *Norman*, this circuit emphasized in *Carr v. Deeds* that a plaintiff in an excessive force case has the burden of showing that

> [e]ven if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force has subsided, plaintiff must also demonstrate that the injuries were more than *de minimis* or that the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury.

453 F.3d 593, 605-06 (4th Cir. 2006) (internal quotation marks and citations omitted).

Here, this case simply lacks the "extraordinary circumstances" required under *Norman* to establish an Eighth Amendment claim. That is, the force used in this case was not so excessive as to be repugnant to the conscience of mankind, nor

-7-

has Plaintiff shown that his injuries were more than *de minimis*, or that the pain itself constituted more than *de minimis* injury. Even though Defendants do not appear to dispute that Plaintiff had settled down, at least momentarily, in his cell before the Defendant officers charged his cell, it is clear that Plaintiff had been causing a disturbance at some point before the officers entered Plaintiff's cell, and the use of force by the officers did not cause substantial physical injury to Plaintiff. For all of these reasons, Defendants should be granted summary judgment as to Plaintiff's Eighth Amendment excessive force claim.

**CONCLUSION**

For the reasons stated herein, **IT IS RECOMMENDED** that the motion for summary judgment by Defendants (docket no. 34) be **GRANTED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

December 5, 2008